**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 23, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

DR. WILLIAM GARDNER, DDS,

    Plaintiff - Appellant,

v.

CHARLES SCHUMACHER, DDS;
DAVID WARREN, III, DDS; BURRELL
TUCKER, DDS; LEO PAUL
BALDERAMOS, DDS; JOLYNN
GALVIN, DDS; ERMELINDA BACA,
RDH; MELISSA BARBARA, RDH,

    Defendants - Appellees.

No. 23-2150
(D.C. No. 1:23-CV-00189-MIS-DLM)
(D. N.M.)

_____

**ORDER AND JUDGMENT**[*]

_____

Before **HARTZ**, **BALDOCK**, and **ROSSMAN**, Circuit Judges.

_____

William Gardner, DDS, appeals the district court's determination that he untimely filed his claim under 42 U.S.C. § 1983 alleging that the defendants violated his right to due process. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## BACKGROUND

Dr. Gardner held a license to practice dentistry in the state of New Mexico. The defendants were members of the New Mexico Board of Dental Health Care (the Board).

Delta Dental of Michigan, a provider of dental insurance, filed a complaint with the Board alleging that Dr. Gardner had improperly altered a patient's X-ray to support a fraudulent claim for payment. The Board appointed a hearing officer, who presided over a hearing and filed a report with the Board in the fall of 2019. In November 2019 the Board found that Dr. Gardner altered the X-ray and ordered the revocation of his license, effective January 1, 2020.

Dr. Gardner sought review by the New Mexico state courts, as allowed by N.M. Stat. § 39-3-1.1(C). On December 19, 2019, the state district court stayed the Board's November 2019 order. On July 7, 2020, however, the state district court dismissed the proceeding and lifted the stay, allowing the Board to enforce its order as of July 17, 2020.

Dr. Gardner filed the instant suit in a New Mexico state district court on January 23, 2023. He alleged that the defendants had financial conflicts of interest favoring Delta Dental and that Delta Dental had destroyed the original X-ray underlying its complaint, deliberately making it unavailable to the Board. Based on

these alleged deficiencies, he alleged that the defendants deprived him of property (his interest in his dentistry license) in violation of his right to due process.[1]

The defendants removed the case to federal district court and moved for judgment on the pleadings under Fed. R. Civ. P. 12(c).  They argued that Dr. Gardner's claims accrued in November 2019, when the Board made its decision, or, at the latest, on January 1, 2020, when the decision was to become effective. Identifying the applicable limitations period as three years, they asserted that the January 23, 2023 complaint was untimely.

Dr. Gardner agreed that the applicable limitations period was three years.  He argued, however, that the court should not decide timeliness on a Rule 12(c) motion because the facts necessary to support the defense were not apparent on the face of the complaint.  He further argued that his cause of action did not accrue until his license actually was revoked, after the state court lifted its stay effective on July 17, 2020.  And he asserted he was entitled to tolling for the period during which the state court had stayed the Board's order.

The district court determined that all the actions of which Dr. Gardner complained took place before January 1, 2020.  It concluded, "Because [the § 1983 claim] complains only of conduct leading up to the license revocation, the Court finds that [Dr. Gardner] knew or should have known that his procedural due process rights had been violated on January 1, 2020 <u>at the latest</u>."  Aplt. App. at A159-60.

---

[1] Dr. Gardner also asserted state-law claims, but he does not appeal the district court's dismissal of those claims.

Holding that "[i]t is irrelevant that the New Mexico state court stayed the Board's decision until July 17, 2020," *id.* at A160, the district court concluded that Dr. Gardner filed his complaint more than three years after his § 1983 claim accrued. It declined Dr. Gardner's invitation to apply equitable tolling and dismissed the claim with prejudice as time-barred.

## DISCUSSION

### I.    Timeliness

We review the timeliness of Dr. Gardner's § 1983 claim de novo, *see Herrera v. City of Espanola*, 32 F.4th 980, 991 (10th Cir. 2022), "applying the same standard of review used for a Rule 12(b)(6) motion to dismiss," *Dyno Nobel v. Steadfast Ins. Co.*, 85 F.4th 1018, 1025 (10th Cir. 2023).  The date a § 1983 claim accrues is governed by federal law. *See Herrera*, 32 F.4th at 990.  There is no dispute that three years is the limitations period for a § 1983 claim arising in New Mexico.  *See id.* at 989.

Dr. Gardner first argues that the district court erred in granting defendants' Rule 12(c) motion because timeliness is an affirmative defense that could not be resolved based solely on the allegations of the complaint.  We have held, however, that "a statute of limitations defense may be appropriately resolved on a Rule 12(b) motion when the dates given in the complaint make clear that the right sued upon has been extinguished." *Id.* at 991 (internal quotation marks omitted).  "If from the complaint, the dates on which the pertinent acts occurred are not in dispute, then the date a statute of limitations accrues is a question of law suitable for resolution at the

4

motion to dismiss stage." *Id.* (brackets, ellipsis, and internal quotation marks omitted). Here, the complaint challenged actions that preceded and led up to the revocation decision, which it identified as occurring in November 2019. This information was sufficient for the district court to decide the limitations defense on a Rule 12(c) motion.

Dr. Gardner next argues that the district court erred in concluding his § 1983 claim accrued no later than January 1, 2020. He asserts his "claim was not complete and he could not have resorted to federal court for relief until at least the date on which the revocation of his license was effective," which occurred no earlier than July 17, 2020. Aplt. Opening Br. at 10. Before that date, he states, he "had not suffered any damage." *Id.*

We disagree. "[I]t is the standard rule that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Herrera*, 32 F.4th at 990 (internal quotation marks omitted). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Smith v. City of Enid*, 149 F.3d 1151, 1154 (10th Cir. 1998) (citation and internal quotation marks omitted). To determine when a claim accrues, we must "identify the constitutional violation and locate it in time." *Id.* (internal quotation marks omitted). The Supreme Court has stated in a § 1983 suit that "the proper focus is on the time of the *discriminatory act*,

not the point at which the *consequences* of the act become painful." *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981) (per curiam).

As stated, Dr. Gardner's § 1983 claim challenges actions leading up to and culminating in the Board's revocation decision. Because Dr. Gardner knew or had reason to know of the violation of his constitutional rights at that time, his § 1983 claim accrued when the Board issued its revocation decision in November 2019. *See id.* (claim accrued when plaintiffs notified of decision to terminate their appointments, even though appointments continued for some period thereafter); *Herrera*, 32 F.4th at 992 (claim accrued when plaintiffs learned of City's reason for taking action, or at the latest, when plaintiff informed City it had violated his rights); *Smith*, 149 F.3d at 1154 (claim accrued when plaintiff was notified of amendment of governing statute, not when plaintiff's employment was terminated as a result years later); *see also Del. State College v. Ricks*, 449 U.S. 250, 258-59 (1980) (where only alleged discrimination was at time of tenure decision, limitations period began when that decision was made and communicated to plaintiff, even though effects not felt until later). The state appeal proceeding did not affect the accrual date. *See Gonzalez-Alvarez v. Rivero-Cubano*, 426 F.3d 422, 426–27 (1st Cir. 2005) (limitations period began when initial administrative ruling issued); *Kelly v. City of Chicago*, 4 F.3d 509, 512-13 (7th Cir. 1993) (cause of action accrued when plaintiffs'

liquor license was revoked, not when revocation was later enforced, notwithstanding intervening administrative appeals process).[2]

For these reasons, the district court did not err in holding that Dr. Gardner filed his complaint after the limitations period ended.

## II.    Tolling

Dr. Gardner also argues that the district court erred in declining to toll the limitations period for the time in which the state-court stay was in effect.  But his appellate brief fails to address the district court's reasoning for rejecting tolling; he offers no more than bare statements regarding the elements of equitable tolling and an unsupported one-sentence assertion that the state-court stay is analogous to a bankruptcy automatic stay (which bars the filing of a suit).  We deem the tolling arguments waived through inadequate briefing.  *See Butler v. Daimler Trucks N. Am., LLC*, 74 F.4th 1131, 1145 (10th Cir. 2023) ("bald assertions" without arguing how the district court erred constitute "inadequate appellate briefing" resulting in waiver).

---

[2] Dr. Gardner suggests that he "did not have the ability to pursue a § 1983 claim on January 1, 2020" because "*Younger* abstention and the *Rooker-Feldman* doctrine" would have precluded him from pursuing his claim.  Aplt. Opening Br. at 11 (citing *Gardner v. Schumacher*, 547 F. Supp. 3d 995 (D.N.M. 2021)).  This is a new argument on appeal, which we generally do not consider without a showing of plain error that Dr. Gardner does not make.  *See Richison v. Ernest Grp., Inc.*, 634 F.3d 1123, 1130-31 (10th Cir. 2011).  To the extent this argument may implicate federal-court jurisdiction in this case, however, we are satisfied that the *Rooker-Feldman* doctrine does not preclude us from considering Dr. Gardner's § 1983 claim.  Dr. Gardner challenges the Board's actions, not the state court's decision.  *See Bolden v. City of Topeka*, 441 F.3d 1129, 1145 (10th Cir. 2006) ("*Rooker-Feldman* does not bar federal-court claims that would be identical even had there been no state-court judgment; that is, claims that do not rest on any allegation concerning the state-court proceedings or judgment.").

**CONCLUSION**

We affirm the district court's judgment.

Entered for the Court

Harris L Hartz
Circuit Judge